UNITED STATES of America,
Plaintiff—Appellee,

v.

Gary William HUFFMAN, Defendant—
Appellant.

No. 06–30573.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 7, 2007.

Filed Aug. 16, 2007.

Timothy J. Racicot, USMI–Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

Jason T. Holden, Esq., Faure Holden Attorneys at Law, Great Falls, MT, for Defendant–Appellant.

Before: CANBY, TASHIMA, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Gary William Huffman appeals his convictions for possession with intent to dis-

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

tribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) ("Count I"), possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) ("Count II"), and distribution of methamphetamine to a person under twenty-one years of age in violation of 21 U.S.C. § 859 ("Count III"). He also challenges the constitutionality of his life sentence. We affirm.

■ Huffman asserts that the district court erred by admitting into evidence the insurance card for the Honda Accord. We review evidentiary rulings for an abuse of discretion. *United States v. Lynch,* 367 F.3d 1148, 1159 (9th Cir.2004). The insurance card was relevant because it tended to show Huffman's dominion and control over the Accord. It was found in the same fanny pack as the methamphetamine, $8,700 in cash, and a scale. Furthermore, a fishing license issued to Huffman's alias was also found in the fanny pack. Also, the foundation for admitting the insurance card was more than adequately established by other evidence. The district court did not abuse its discretion in admitting the insurance card.

■ Huffman contends that the district court erred by denying his Rule 29(a) motion for acquittal on Counts I and II because no tangible evidence connected Huffman to the Honda Accord. With all reasonable inferences in favor of the Government, see *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the testimony of three witnesses constituted sufficient evidence of Huffman's dominion and control of the Honda Accord and the drugs therein. The Rule 29(a) motion was properly denied.

We also reject Huffman's argument that the jury's verdict on Count III was not supported by sufficient evidence. A 15

year-old girl testified that she received methamphetamine from Huffman. This testimony constitutes sufficient evidence to support the jury's verdict.

■ Finally, Huffman's contention that his statutorily mandated life sentence is unconstitutional under the Eighth Amendment is foreclosed under *Harmelin v. Michigan,* 501 U.S. 957, 994, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) ("[s]evere, mandatory penalties may be cruel, but they are not unusual in the constitutional sense"), and *United States v. Van Winrow,* 951 F.2d 1069, 1071 (9th Cir.1991) (mandatory life sentence under § 841(b) does not violate the Eighth Amendment). Huffman's mature age does not change this result.

For the foregoing reasons, the district court's judgment is **AFFIRMED.**